UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD A. CHMIELEWSKI,

          Petitioner,

v.                                                     Case No. 23-cv-0026-bhl

DENITA BALL,

          Respondent.

## SCREENING ORDER DISMISSING PETITION

On January 6, 2023, petitioner Edward A. Chmielewski, a pretrial detainee then-incarcerated at the Milwaukee County Jail, filed a petition for writ of habeas corpus under 28 U.S.C. Section 2241. (ECF No. 1.) On February 1, 2023, he moved for leave to proceed without paying the $5.00 filing fee. (ECF No. 3.) About two weeks later, Magistrate Judge Nancy Joseph granted the motion for leave to proceed without prepayment of the filing fee, screened the petition, and issued a Report and Recommendation, recommending dismissal. (ECF No. 7.) The Court mailed a copy of the Report and Recommendation to Chmielewski at his provided address, but it was returned as undeliverable. (ECF No. 8.) As a result, he never filed any objections to Judge Joseph's report. Perhaps he has made bail and no longer wishes to pursue his case. Or maybe the State dropped the pending charges. The circumstances are ultimately irrelevant. Having reviewed the record, the Court agrees with Judge Joseph that Chmielewski's claims are unexhausted, so it will adopt the Report and Recommendation and dismiss the petition.

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to screen Chmielewski's petition.[1] The rule provides:

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases allows district courts to apply the same rules to Section 2241 cases. ("The district court may apply any or all of these rules to . . . habeas corpus petition[s] [not filed pursuant to Section 2254 and Rule 1(a) of the Rules Governing Section 2254 Cases]."). *See, e.g.*, *Bradley v. Fuchs*, No. 21-CV-49-JDP, 2021 WL 1946408, at n.2 (W.D. Wis. Apr. 27, 2021) (citing *Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006)) (construing a petition for writ of habeas corpus improperly brought under Section 2254 as having

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. *See Bradley v. Fuchs*, No. 21-CV-49-JDP, 2021 WL 1946408, at *1 (W.D. Wis. Apr. 27, 2021) (citing *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)).

Chmielewski is charged with one count operating a motor vehicle under the influence and one count operating a motor vehicle with a detectable amount of a controlled substance in his blood. *Milwaukee County Case Number 2021CF002486 State of Wisconsin vs. Edward Anthony Chmielewski*, WIS. CIR. CT. ACCESS FOR MILWAUKEE CNTY., https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CF002486&countyNo=40&index=0&mode=details (last visited Feb. 28, 2023). His habeas petition alleges that the State has denied him his Sixth Amendment right to counsel. (ECF No. 1 at 2 ("I have never been given agreeable counsel since 6-30-20—I haven't had any counsel since July 2022.").) He seeks temporary release for the sole purpose of retaining "fair legal counsel." (*Id.* at 7.)

Under 28 U.S.C. Section 2241, "a person who is in state custody awaiting a determination by the state courts of the legality of his custody may seek federal habeas corpus to challenge that custody . . . if immediate federal intervention is necessary to prevent the challenge from becoming moot." *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). As Judge Joseph explained in her Report and Recommendation, this unique situation usually only arises when the State proceeding places a pretrial detainee in double jeopardy or implicates his right to a speedy trial. *Id.*; (ECF No. 7 at 3.) Even then, the detainee must "exhaust all avenues of state relief before seeking" a federal writ of habeas corpus. *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991). And "a petitioner will be held to have exhausted his state remedies prior to trial only in 'special circumstances.'" *United States ex rel. Parish v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979).

---

been brought under Section 2241 and conducting a preliminary review pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases).

Chmielewski's petition does not invoke either double jeopardy or the right to a speedy trial; it mentions only ineffective assistance of counsel. That is not the type of constitutional violation that justifies federal intervention in ongoing State criminal proceedings. *See Hall v. Malcomson*, No. 17-CV-726-JPS, 2017 WL 2533392, at *3 (E.D. Wis. June 9, 2017). It is also not the type of constitutional violation for which a habeas petitioner can exhaust all avenues of state relief *prior to trial*. For both reasons, as Judge Joseph explained, Chmielewski's petition is untimely.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Joseph's Report and Recommendation, ECF No. 7, is **ADOPTED**, and, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition for writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability **SHALL NOT ISSUE** because the Court does not find that any reasonable jurist could debate the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on March 2, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
